REDMANN, Judge,
dissenting.
The preamble to the joint venture agreement (drafted by Smith) included “and whereas Roy owns or will acquire the land hereinafter described for the model home also hereinafter described;” and Sec. XII of the agreement provides “The model home shall be sold upon termination of this agreement or upon mutual agreement of the parties, whereupon the parties agree to execute an act of sale wherein Smith will pay Roy $8,900 for the lot plus 6% commission on the sale price of the model home [net of lot cost].” (Emphasis and bracketed material added.)
In that context and in the further context that Smith, with Roy providing foundation materials and electricity, began building the model home several days before June 1, the “condition precedent” was intended primarily to establish a time at which both parties could know the venture was in force; and that condition was effectively amended by the parties by their continued performances and acceptance of performances under the joint venture agreement both before June 1 and thereafter notwithstanding that neither Smith personally nor Roy personally executed the purchase and sale of the model lot, as and when spelled out in the joint venture agreement.
The judgment appealed from should be reversed, and there should be judgment de- *1360 daring the joint venture agreement of May 18, 1977 in force until its contractually-authorized termination by Roy’s letter of July 27, 1978.